# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

STEPHEN CHOATE,

        Plaintiff,

vs.

ROBERT LANE, *et al.*,

        Defendants.

Case No. 2:17-cv-03043-RFB-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (EFC NO. 1-1)

Before the Court are Plaintiff Stephen Choate's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Choate's *in forma pauperis* application is granted. The Court, however, orders that Choate's complaint be dismissed without prejudice.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Choate may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Choate's complaint states a plausible claim for relief. Each is discussed below.

**I.     Whether Plaintiff May Proceed *In Forma Pauperis***

Choate's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Choate's affidavit, he is incarcerated, he does not receive money from any outside source, and his inmate balance would not cover the filing fees. (ECF No. 1 at 1-3). Choate's application to proceed *in forma pauperis* is, therefore, granted.

**II.     Whether Choate's Complaint States a Plausible Claim**

   **A. Legal Standard for Reviewing the Complaint**

Because the Court grants Choate's application to proceed *in forma pauperis*, it must review Choate's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

   **B. Statute of Limitations**

Choate brings a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1 at 1). Choate states his constitutional rights were violated between "2013-2017." (*Id.* at 1). Choate does not give any more specific dates regarding his allegations. In Nevada, the applicable statute of limitations for 42 U.S.C. § 1983 claims is two years. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam); *Abram v. City of Reno*, No. 315-cv-00029-MMD-WGC, 2015 WL 5829886, at *3 (D. Nev. Oct. 6, 2015). The statute of limitations may be tolled in certain circumstances. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995); *Seino v. Emp'rs Ins. Co. of Nev.*, 111 P.3d 1107, 1112 (Nev. 2005).

2

Based on the vague allegations regarding the timing of Defendants' actions, the Court cannot determine whether Choate's claims are time-barred. Therefore, Choate's complaint is dismissed without prejudice. Choate must file an amended complaint stating what actions took place within the two-year time frame preceding December 11, 2017 (the date Choate filed his application for leave to proceed *in forma pauperis*) or an explanation of why tolling would apply. The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1.

Though the Court has dismissed each of Choate's claims with leave to amend, the Court will also provide further guidance to Choate regarding the Defendants in this case.

**C. Claims Against Robert Lane**

Choate asserts Judge Robert Lane violated Plaintiff's First and Fourteenth Amendment rights by implanting a policy to transport convicted defendants to prison without asking if the court-appointed defense attorney notified defendants about their direct appeal rights. (ECF No. 1-1 at 4). Judge Lane allegedly knew the prison had a policy of solitary confinement that would delay inmate's direct appeals. (*Id.*). Choate also contends that Judge Lane accepted perjured testimony at Plaintiff's criminal trial. (*Id.*). Choate requests monetary damages and injunctive relief to stop Judge Lane's policy. (*Id.* at 9).

Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law." *Lopez v. Armstread*, No. 3:13-CV-00294-MMD, 2015 WL 2194183, at *4 (D. Nev. May 11, 2015). The First Amendment prohibits government actions abridging the right of people to "petition the Government for a redress of grievances." U.S. CONST. amend. I. The Fourteenth Amendment provides that states shall not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.

Choate's complaint could potentially contain valid First and Fourteenth Amendment claims if they are not time-barred as discussed above. However, judges are "absolutely immune from §1983 damage

3

liability for acts committed within their jurisdiction." *Miller v. Barilla*, 549 F.2d 648, 649 (9th Cir. 1977) *overruled on other grounds by Glover v. Tower*, 700 F.2d 556 (9th Cir. 1983); *see also Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Choate cannot ask for monetary damages against Judge Lane in this action, though "judicial immunity is not a bar to prospective injunctive relief." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).

### D. Claims Against Rayna Swift

Choate claims Assistant Attorney General Swift violated his Fourteenth Amendment right to a fair trial. (ECF No. 1-1 at 5). Choate asserts Swift withheld exculpatory evidence and used perjured testimony during Choate's criminal trial, engineered a deceptive plea bargain, and has continued to withhold a file which would be useful to Choate's pending habeas corpus petition. (*Id.*). Choate requests monetary damages and injunctive relief to force Swift to produce the withheld file. (*Id.* at 9).

Like judges, "prosecutors are entitled to absolute immunity for 'quasi-judicial activities taken within the scope of their authority.'" *Land v. Del Papa*, 19 F.3d 27 (9th Cir. 1994) (quoting *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986)). However, "[i]njunctive relief is available under § 1983 against state officers acting in their official capacities." *Remlinger v. State of Nev.*, 896 F. Supp. 1012, 1014 (D. Nev. 1995).

### E. Claims Against Choate's Court-Appointed Attorneys

Choate asserts his court-appointed attorneys violated his Fourteenth Amendment right to a fair trial by providing ineffective assistance of counsel. (ECF No. 1-1 at 6). However, "a public defender does not act 'under color of state law' when representing an indigent defendant in a state criminal proceeding. Accordingly, there [is] no jurisdictional basis for an action brought under 42 U.S.C. § 1983 against" defense counsel. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982). Choate cannot bring a § 1983 action against his court-appointed attorneys.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until February 2, 2018 to file an amended complaint addressing the issues discussed above. Failure to timely file a second amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if a second amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the second amended complaint. The Court will issue a screening order on the second amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 3rd day of January, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE