# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

STEPHEN CHOATE,

    Plaintiff,

vs.

ROBERT LANE, *et al.*,

    Defendants.

Case No. 2:17-cv-03043-RFB-VCF

**ORDER**

MOTION FOR LEAVE TO RESPOND TO COURT ORDER [ECF NO. 5]

    Before the Court is Plaintiff Stephen Choate's Motion for Leave to Respond to Court Order. (ECF No. 5). For the reasons stated below, Plaintiff's motion is denied.

    On January 3, 2018, the Court issued an order granting Plaintiff's *in forma pauperis* application and dismissing his complaint without prejudice. (ECF No. 3). The Court noted that "[b]ased on the vague allegations regarding the timing of Defendants' actions, the Court cannot determine whether Choate's claims are time-barred." (*Id.* at 3). The Court directed Plaintiff to "file an amended complaint stating what actions took place within the two-year time frame preceding December 11, 2017…or an explanation of why tolling would apply." (*Id.*). Plaintiff filed his motion for leave to respond on January 25, 2018. (ECF No. 5). Plaintiff attempts to address the Court's statute of limitations concern by providing legal research on equitable tolling. (*Id.*).

    The Court will not address the points raised in Plaintiff's motion. Plaintiff must amend his complaint to include allegations establishing when the conduct complained of occurred and facts relating to tolling, if necessary. The Court stated that "[t]he amended complaint must be 'complete in itself, including exhibits, without reference to the superseded pleading.'" (ECF No. 3 at 3). Allowing Plaintiff

to address issues outside of this complete amended complaint will needlessly complicate the Court's evaluation of Plaintiff's case. Plaintiff must include timing allegations within his amended complaint.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion for Leave to Respond (ECF No. 5) is DENIED.

IT IS FURTHER ORDERED that the deadline for Plaintiff to file his amended complaint will be extended to February 23, 2018.

## NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 1st day of February, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE