# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

STEPHEN CHOATE,

        Plaintiff,

vs.

ROBERT LANE, *et al.*,

        Defendants.

Case No. 2:17-cv-03043-RFB-VCF

**ORDER**

MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [ECF NO. 7]

    Before the Court is Plaintiff Stephen Choate's Motion for Leave to File an Amended Complaint. (ECF No. 7). For the reasons stated below, Plaintiff's motion is denied as moot.

    On January 3, 2018, the Court issued an order granting Plaintiff's *in forma pauperis* application and dismissing his complaint without prejudice. (ECF No. 3). The Court noted that "[b]ased on the vague allegations regarding the timing of Defendants' actions, the Court cannot determine whether Choate's claims are time-barred." (*Id.* at 3). The Court directed Plaintiff to "file an amended complaint stating what actions took place within the two-year time frame preceding December 11, 2017…or an explanation of why tolling would apply." (*Id.*). Plaintiff filed a motion for leave to respond on January 25, 2018, attempting to address the Court's statute of limitations concern. (ECF No. 5). The Court denied the motion, directing Plaintiff to address the statute of limitations within a "complete amended complaint." (ECF No. 6 at 2).

    The Court has already directed Plaintiff to file an amended complaint, so Plaintiff's motion for leave to file an amended complaint (ECF No. 7) is moot. Plaintiff's motion is another attempt to address the statute of limitations issue outside of an amended complaint. Again, the Court finds that allowing Plaintiff to address issues outside of a complete amended complaint will needlessly complicate the Court's

evaluation of Plaintiff's case. Plaintiff must include timing allegations within his amended complaint, not within motions. The Court will not address any new factual assertions or legal arguments raised by Plaintiff except in an amended complaint that is "complete in itself, including exhibits, without reference to the superseded pleading.'" (ECF No. 3 at 3; ECF No. 6 at 1).

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's for Leave to File an Amended Complaint (ECF No. 7) is DENIED as moot.

IT IS FURTHER ORDERED that the deadline for Plaintiff to file his amended complaint will be extended to March 30, 2018. Plaintiff is cautioned that the Court will not be inclined to move the deadline again should Plaintiff respond with other motions rather than an amended complaint.

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 1st day of March, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE