# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

STEPHEN CHOATE,

    Plaintiff,

vs.

ROBERT LANE, *et al.*,

    Defendants.

Case No. 2:17-cv-03043-RFB-VCF

**ORDER**

AMENDED COMPLAINT (EFC NO. 9)

Before the Court is Plaintiff Stephen Choate's Amended Complaint. (ECF No. 9). Choate's motion to proceed *in forma pauperis* has already been granted (ECF No. 3), but his original complaint was dismissed with leave to amend. For the reasons stated below, Choate may proceed in this action with his amended complaint.

## DISCUSSION

**I. Allegations in Choate's Amended Complaint**

In his amended complaint, Choate brings civil rights claims against Judge Robert Lane. (ECF No. 9 at 2-3). Choate asserts that Judge Lane "created a policy of deliberate indifference to Plaintiff's 1st Amendment constitutional right [to] access courts/free speech by sending Plaintiff to prison 5 days without inquiring if defense counsel communicated right to direct appeal [within] 30 days, especially after being put on notice at allocution, asserting of innocence." (*Id.* at 3). Choate also alleges that Judge Lane "created [a] policy of abuse of process by accepting 30 post motions without inquiring [about] effective assistance [of] counsel." (*Id.*).

Choate brings his claims under the First, Fifth, Sixth, and Fourteenth Amendments. (*Id.* at 4-5). In his request for relief, Choate asks the Court "to entertain compensatory and punitive damages," "to

1

validate unconstitutional violations of plaintiff's rights and issue any/all injunctive relief to re-affirm direct appeal status." (Id. at 18).

## II. Whether Choate's Complaint States a Plausible Claim

Because the Court granted Choate's application to proceed *in forma pauperis*, it must review Choate's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

Choate brings a civil rights complaint pursuant to 42 U.S.C. § 1983, granting the Court subject-matter jurisdiction. 28 U.S.C. § 1331. Choate alleges that his sentencing took place in 2015 and makes a facially plausible assertion that this action is timely. (ECF No. 9 at 5-6, 11-16).

Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law." *Lopez v. Armstread*, No. 3:13-CV-00294-MMD, 2015 WL 2194183, at *4 (D. Nev. May 11, 2015). Choate's claims against Judge Lane rest on the First, Fifth, Six, and Fourteenth Amendments. The First Amendment prohibits government actions abridging the right of people to "petition the Government for a redress of grievances." U.S. CONST. amend. I. The Fifth and Sixth Amendments provide several protections for criminal defendants, including the right to due process and right to counsel. U.S. CONST. amend. V, VI. The Fourteenth Amendment provides that states shall not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.

Choate's complaint states plausible claims under these amendments. Choate asserts that Judge Lane created a policy that deprived Choate of his right to appeal his criminal conviction and his right to counsel. Choate alleges that Judge Lane sent convicted defendants to prison without ensuring inmates knew of their right to appeal, despite knowing that the prison had a policy of putting inmates into solitary confinement until the time for appeal had passed. (ECF No. 9 at 4). Under these facts, it is plausible that Choate may have been deprived of his right to petition the court and his right to due process.

The Court notes that, as discussed in a previous order (ECF No. 3 at 3-4), Choate's prayer for relief contains an impermissible request for monetary damages (ECF No. 9 at 18). Judges are "absolutely immune from §1983 damage liability for acts committed within their jurisdiction." *Miller v. Barilla*, 549 F.2d 648, 649 (9th Cir. 1977) *overruled on other grounds by Glover v. Tower*, 700 F.2d 556 (9th Cir. 1983); *see also Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Though the request for monetary damages is not proper, the Court will not dismiss Choate's complaint for further revision because Choate also asks for injunctive and declaratory relief. (ECF No. 9 at 18). "[J]udicial immunity is not a bar to prospective injunctive relief." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). The request for monetary damages may be addressed by the defendant at a later date.

Accordingly, and for good cause shown,

IT IS ORDERED that the Clerk of the Court shall issue summons to the named defendant and deliver same with copies of the Amended Complaint (ECF No. 9) to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s)

and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date that the Complaint was filed.

IT IS FURTHER ORDERED that henceforth plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

**NOTICE**

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

///

///

///

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 3rd day of April, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE