# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

STEPHEN CHOATE,

    Plaintiff,

v.

ROBERT LANE, *et al.*,

    Defendants.

Case No. 2:17-cv-03043-RFB-VCF

**ORDER**

## I. INTRODUCTION

Before the Court are the following motions: (1) Defendant's Motion to Dismiss (ECF No. 14); (2) Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 25); (3) Plaintiff's Motion to Accept Original Jurisdiction (ECF No. 29); (4) Plaintiff's Petition for Expeditious Judicial Examination (ECF No. 34); and (5) Plaintiff's Motion for Writ of Mandamus (ECF No. 35).

For the reasons below, the Court grants Defendant's Motion to Dismiss, denies Plaintiff's Motion

## II. FACTUAL BACKGROUND

The Court summarizes the facts alleged in Plaintiff's Amended Complaint. ECF No. 9.

Plaintiff alleges that Defendant, Judge Robert Lane, sentenced Plaintiff to prison without inquiring if his appointed counsel had communicated Plaintiff's right to appeal his conviction. Defendant allegedly knew that the prison had a policy of placing inmates in solitary confinement until the thirty-day window for direct appeal had passed, such that Plaintiff would be unable to file an appeal without information about his rights. He alleges that Defendant's failure to communicate Plaintiff's rights at sentencing was pursuant to a policy created by Defendant that deprives inmates

of their right to appeal and their right to counsel. Plaintiff missed his thirty-day deadline to appeal his conviction. Plaintiff alleges violations of his First, Fifth, Sixth, and Fourteenth Amendment rights.

### III. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint and application to proceed *in forma pauperis* on December 11, 2017. ECF No. 1.

On January 3, 2018, the Court entered a screening order. ECF No. 3. The Court dismissed the complaint without prejudice because it could not determine whether the claims were barred under the applicable two-year statute of limitations. The Court also noted (1) that monetary damages were unavailable against Defendant due to judicial immunity, (2) that monetary damages were unavailable against then-Defendant Assistant Attorney General Swift due to prosecutorial immunity; and (3) that a § 1983 action was unavailable against court-appointed public defenders because they do not act under state law.

On March 28, 2018, Plaintiff filed an amended complaint, which is currently the operative complaint. ECF No. 9. Plaintiff eliminated all defendants except Judge Lane.

On April 3, 2018, the Court screened the amended complaint. ECF No. 10. The Court found that Plaintiff alleges his sentencing took place in 2015 and makes "a facially plausible assertion that this action is timely." The Court noted that Plaintiff's prayer for monetary damages remains impermissible but that the request could be addressed at a later date, as judicial immunity is not a bar to prospective injunctive relief.

On June 15, 2018, Defendant filed the instant Motion to Dismiss. ECF No. 14. Plaintiff responded, Defendant replied, and Plaintiff filed a surreply. ECF Nos. 17, 19, 20, 23, 24.

On July 26, 2018, Plaintiff filed the instant Motion for Leave to Amend the Complaint, titled a Motion Leave to Amend Civil Right Lawsuit in Interest of Justice. ECF No. 25. Defendant filed a notice of non-opposition on August 24, 2018. ECF No. 30.

On August 10, 2018, the Court stayed discovery in this matter pending a decision on Defendant's Motion to Dismiss. ECF No. 26.

On August 17, 2018, Plaintiff filed the instant Motion to Accept Original Jurisdiction (titled an Order Grant 1983 Civil Rights Petition as Original Jurisdiction). ECF No. 29. Defendant filed a notice of non-opposition on August 31, 2018. ECF No. 31.

On October 22, 2018, Plaintiff filed the instant Petition for Expeditious Judicial Examination. ECF No. 34.

On December 10, 2018, Plaintiff filed the instant Motion for Writ of Mandamus. ECF No. 35. Defendant responded on December 26, 2018. ECF No. 36.

### IV. LEGAL STANDARD

#### a. Motion to Dismiss

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

In addition, documents filed by a plaintiff who is proceeding without counsel must be liberally construed, and a *pro se* complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (citations and internal quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

#### b. Section 1983 Claims

For a plaintiff to assert a violation Section 1983 by state actors, he must establish an underlying constitutional violation. "Section 1983 does not create substantive rights but merely is a device for enforcing certain constitutional provisions or federal statutes." See Chapman v.

Houston Welfare Rights Org., 441 U.S. 600, 617 (1979). The elements of a § 1983 claim are: (1) violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a "person" (4) acting "under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

### c. Motion for Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings with leave of court. In general, leave to amend under Rule 15 should be denied only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"— considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997).

## V. DISCUSSION

### A. Defendant's Motion to Dismiss

Defendant argues that Plaintiff's constitutional claims pursuant to 42 U.S.C. § 1983 must be dismissed for two reasons: (1) they are barred by the applicable statute of limitations and (2) there is no relief available.

#### 1. Statute of Limitations

Plaintiff's sentencing hearing before Defendant took place on April 20, 2015. Plaintiff initiated the present lawsuit on December 11, 2017. Because Plaintiff's § 1983 claims are most analogous to the state law tort of false imprisonment, the applicable statute of limitations for Plaintiff's § 1983 claims is two years, as codified at Nevada Revised Statutes 11.190(4)(c). See Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam).

In his complaint, Plaintiff seeks equitable tolling of the statute of limitations. Nevada law determines the applicability of tolling in this case. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995). In assessing whether tolling is appropriate, the Court determines whether

"a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." City of N. Las Vegas v. State Local Gov't Employee-Mgmt. Relations Bd., 261 P.3d 1071, 1077 (Nev. 2011) (quoting Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008)). "[T]he statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." Id. (quoting Black's Law Dictionary 618 (9th ed. 2009)). Equitable tolling can be appropriate when "the danger of prejudice to the defendant is absent, and the interests of justice so require." Seino v. Employers Ins. Co. of Nevada, 111 P.3d 1107, 1112 (Nev. 2005).

Defendant alleges that Plaintiff knew or should have known of the alleged wrongful acts on the date of the April 20, 2015 sentencing hearing; at the latest, Plaintiff knew or should have known about the violation of his constitutional right when the thirty-day window to appeal had passed. Exhibits attached to Plaintiff's complaint suggest that Plaintiff has diligently sought documentation and information from his former attorney and from the state court, beginning to investigate the matter by July 27, 2015. See ECF No. 9 at 7–10. The Court finds that even if there is a basis for equitable tolling it would not in the circumstances of this case extend to a date which would overcome the statute of limitations. Plaintiff's investigation would certainly have led to an identification of the thirty-day window within at least four months and well before the Complaint was filed.

### 2. No Relief Available

Under the Federal Rules of Criminal Procedure, a sentencing Court is obligated to advise a defendant of their right to appeal the conviction. Fed. R. Crim. P. 32(j). A failure to give the required advice is error that can, in some cases, entitle a petitioner to collateral relief. See Peguero v. United States, 526 U.S. 23, 27–28 (1999).

However, the present action is brought under 42 U.S.C. § 1983. Defendant possesses absolute judicial immunity from a damages action under this suit for sentencing Plaintiff and ordering Plaintiff's transportation to prison within his judicial role. Pierson v. Ray, 386 U.S. 547, 553-55 (1967). The Eleventh Amendment bars Plaintiff from receiving retrospective injunctive or declaratory relief against Defendant in his official capacity. See Green v. Mansour, 474 U.S.

64, 73 (1985) (discussing unavailability of retrospective declaratory relief); Arizona Students' Ass'n v. Arizona Bd. of Regents, 824 F.3d 858, 864 (9th Cir. 2016) (discussing unavailability of injunctive relief).

Prospective relief is not barred, but "requires the plaintiff to demonstrate a reasonable likelihood of future injury." Bank of Lake Tahoe v. Bank of Am., 318 F.3d 914, 918 (9th Cir. 2003). Plaintiff has not, and cannot, demonstrate a reasonable likelihood that he will again be sentenced by Defendant and be uninformed about his right to appeal. No form of relief is available to Plaintiff pursuant to 42 U.S.C. § 1983 for Defendant's alleged error.

### B. Plaintiff's Motions

Plaintiff's Motion for Leave to Amend the Complaint fails to attach the proposed amended pleading. See LR 15-1(a). However, Plaintiff's motion describes the proposed amendment. Under the liberal pleadings standards applicable to *pro se* plaintiffs, the Court interprets the content of Motion to satisfy the requirements of the local rule sufficiently such that the Court can evaluate the futility of the amendment. Plaintiff seeks the Court's leave to add two Defendants to the action: Lisa Chamlee and the unincorporated city of Pahrump, Nevada.

Lisa Chamlee was originally a defendant named in this action but has since been terminated from this action. The Court has already determined that Plaintiff's case is barred by the statute of limitations and that § 1983 actions are not available against Plaintiff's court-appointed attorneys because they do not act under color of law in the course of representation. ECF No. 3 at 4; Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982). Therefore, granting leave to amend to include Lisa Chamlee as a defendant would be futile.

Plaintiff seeks to allege that the unincorporated city of Pahrump, Nevada is liable for a policy of transporting Plaintiff to the prison to chill his constitutional right to direct appeal. He alleges that "Judge Lane had final or primary policy making authority over [the] prison transfer" and was the "moving force behind [Plaintiff's] injury" but that the city "can be sued in U.S. District court without immunity defenses." ECF No. 25 at 3. Plaintiff fails to allege any facts that would suggest that the city is responsible for the violation of any constitutional rights. Granting leave to

///

amend to include the unincorporated city of Pahrump, Nevada as a defendant is therefore also futile.

Because the Court grants Defendant's Motion to Dismiss the instant complaint, and because Plaintiff's Motion for Leave to Amend the Complaint is denied, the Court dismisses the action and closes the case. Plaintiff's three additional pending motions are denied as moot.

### VI. CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Accept Original Jurisdiction (ECF No. 29), Plaintiff's Petition for Expeditious Judicial Examination (ECF No. 34), and Plaintiff's Motion for Writ of Mandamus (ECF No. 35) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close this case.

DATED: February 19, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**